**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4812

SINCLAIR SIMON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-98-4)

Argued: October 29, 1999

Decided: February 3, 2000

Before WILKINS and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Barry McCracken, COOK & MCCRACKEN,
Norfolk, Virginia, for Appellant. Darryl James Mitchell, Special
Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON
BRIEF:** Helen F. Fahey, Assistant United States Attorney, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sinclair Simon appeals from a 41-month sentence imposed after a jury convicted him of possession of a controlled substance, crack cocaine, 21 U.S.C.A. § 844(a) (West Supp. 1998), and of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Simon contends that the district court erred in denying his motion to suppress statements that he made to police and in denying his challenge to the government's exercise of peremptory strikes. Finding no reversible error, we affirm.

I

Simon asserts that he was denied his rights under Miranda v. Arizona, 384 U.S. 436 (1966), when the district court denied his motion to suppress statements made to police. At a suppression hearing prior to the trial, Portsmouth, Virginia, Narcotics Detective Paul J. Grover testified about the events surrounding Simon's arrest on November 3, 1997. While executing a search warrant on room 305 of the Midtown Motor Lodge, the police handcuffed Simon and two other men. Recognizing Simon as the target of the warrant, the police removed the other men from the room.

Detective Grover testified that he administered Miranda warnings to Simon, who indicated that he understood his rights. After observing crack cocaine in plain view, Detective Grover asked Simon if there was anything else in the room. Simon revealed the location of a gun and made other incriminating statements in response to further interrogation by Grover.

Simon testified that Detective Grover questioned him, and he responded prior to any Miranda warnings. Simon also relied on the

2

testimony of Detective Frank Chappell, who was absent for the beginning of the interview and thus did not hear the warnings.

We review legal conclusions de novo and factual findings for clear error. See United States v. Allen, 159 F.3d 832, 838 (4th Cir. 1998). In mixed questions of fact and law such as this,"the ultimate conclusion is reviewed de novo, with the evidence construed in the light most favorable to the party that prevailed below." Id. Confronted with conflicting witness testimony regarding the same event, the district court had the opportunity to evaluate the witnesses' demeanor and ultimately credited the testimony of the police officer over that of Simon. In viewing the conflicting evidence in the light most favorable to the government, we find no error by the district court.

II

Simon also alleges that the prosecutor at his trial used peremptory strikes to remove African-American persons from his jury in a discriminatory manner, in violation of his Fourteenth Amendment rights as detailed in Batson v. Kentucky, 476 U.S. 79 (1986). We conclude that Simon has failed to demonstrate why the government's facially neutral reasons for excluding the potential jurors were a pretext for discrimination, and we find no clear error by the district court in choosing to believe the prosecutor.

The Equal Protection Clause, as interpreted in Batson v. Kentucky, prohibits the exercise of peremptory strikes based solely on race. See id. at 88-89. The first step in a successful Batson challenge requires the opponent of the strike, Simon, to establish a prima facie case of racial discrimination. See Purkett v. Elem, 514 U.S. 765, 767 (1995) (per curiam). The burden then shifts to the proponent of the strike, the prosecutor, to articulate a race-neutral explanation. See id. The explanation "need not be `persuasive, or even plausible,' as long as it is neutral." Howard v. Moore, 131 F.3d 399, 407 (4th Cir. 1997) (en banc), quoting Matthews v. Evatt, 105 F.3d 907, 917 (4th Cir. 1997). If the prosecutor satisfactorily provides a race-neutral reason, then the burden shifts back to the defendant to prove that the explanation is a mere pretext for discrimination. See Howard, 131 F.3d at 407. Simon must show that "intentional discrimination was a substantial or motivating factor in the decision to exercise the strike." Jones v. Plaster,

3

57 F.3d 417, 421 (4th Cir. 1995). Finally, the trial court must determine whether the prosecutor exercised the strike for a racially discriminatory reason. See Howard, 131 F.3d at 407. Because this decision rests primarily on credibility determinations, we give great deference to the district court's findings. See id.

Simon objected to the government's use of four of its six peremptory challenges to strike African-Americans from the jury. To establish a prima facie case of racial discrimination, Simon must "demonstrate that (1) `he is a member of a cognizable racial group'; (2) `that the prosecutor has exercised peremptory challenges to remove the venire members of the defendant's race'; and (3) `that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.'" Howard, 131 F.3d at 407 n.7, quoting Batson, 476 U.S. at 96. While the district court did not specifically rule that Simon had established a prima facie case, it directed the prosecutor to explain his strikes.

The prosecutor explained that he dismissed Mr. James Anthony because "of the way he was dressed, the shirt he has on, the fact that he has jewelry and he has a long goatee. It was not based on race." He chose to exercise a challenge for Ms. Yolanda Bellamy because "she's twenty-one years old. She's the youngest member of the panel and she is currently in college." He struck Ms. Phyllis Gardner because she responded to a voir dire question that her "two brothers were involved in drugs." Lastly, the prosecutor removed Ms. Stella Moore because her jury information card was "unintelligible" and incomplete and she worked for a church. The trial court properly accepted each reason as race-neutral.

Once the government provided race-neutral reasons for striking the potential jurors, the burden shifted to Simon to impeach the explanations as pretext for discrimination. See United States v. Grimmond, 137 F.3d 823, 834 (4th Cir. 1998). Simon challenged the reasoning for the strikes and the inferences drawn by the prosecutor. He did not show that the prosecutor "selected . . . a particular course of action at least in part `because of,' not merely `in spite of,' its adverse effects upon an identifiable group.'" Id. (citing Hernandez v. New York, 500 U.S. 352, 360 (1990)). After hearing arguments from both

4

sides, the district court ruled that the strikes were race-neutral. See Grimmond, 137 F.3d at 834.

We also note that this trial court uses a method of jury selection that requires both parties to utilize all six peremptory strikes. This system places a burden on each party to remove potential jurors that it might not otherwise strike. The parties should be able to discretely waive their remaining strikes. The court should feel free to employ an alternative method of jury selection.

In sum, we hold that the government's explanations for its peremptory challenges to remove African-Americans from the jury were race-neutral, that Simon did not rebut the reasons as pretextual, and that the district court did not clearly err by crediting the prosecutor's explanation.

III

We note a clerical error in Simon's criminal judgment. The government originally charged Simon with one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1) (West Supp. 1999) rather than simple possession, 21 U.S.C.A. § 844(a) (West Supp. 1998). See J.A. at 10. The district court granted in part the defendant's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and reduced the charge. A typographical error in the judgment lists Simon's conviction under 21 U.S.C.A. § 841(a)(1) but correctly describes the offense as "Possession of a controlled substance-`crack' cocaine (Misdemeanor)." J.A. at 80. The district court instructed the jury on 21 U.S.C.A. § 844(a), see Tr. at 162-64, the jury returned a verdict for simple possession, see Tr. at 173, and the notice of appeal correctly cited 21 U.S.C.A. § 844(a), see J.A. at 86. We request the clerk of the district court to correct this typographical error. See 28 U.S.C.A. § 2106 (West 1994); Fed. R. Crim. P. 36.

The judgment of the district court is affirmed.

AFFIRMED

5